So Ordered.

Dated: November 19th, 2012

Patricia C. Williams
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>LLS AMERICA, LLC,<br>        Debtor.<br>_____<br>BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,<br>        Plaintiff,<br>vs.<br>0702571 BRITISH COLUMBIA, LTD.,<br>        Defendant.<br>_____ | No. 09-06194-PCW11<br><br>Adv. No. 11-80126-PCW<br><br>MEMORANDUM DECISION RE: DEFENDANT 0702571 BRITISH COLUMBIA, LTD.'S MOTION TO DISMISS (ECF No. 11) |

    This adversary is one of hundreds commenced by the trustee of the LLS America, LLC ("LLS America") bankruptcy estate which adversaries seek to recover money paid by the debtor to certain lenders or investors as part of an alleged Ponzi scheme conducted by the debtor. Defendant 0702571 British Columbia, Ltd., filed a motion to dismiss on February 14, 2012, ECF No. 11.

    In a similar adversary, *Kriegman v. Cooper*, No. 11-80093-PCW, a written decision was entered on July 2, 2012, ECF No. 146, regarding similar motions to dismiss and an oral decision was rendered on May 24, 2012, ECF No. 118, on the issue of

MEMORANDUM DECISION RE: . . . - Page 1

pleading fraud with particularity ("Previous Decision"). The issues regarding dismissal raised in the subject motion are the same as those raised in the Previous Decision. Many of the facts in the Previous Decision are relevant to the subject motion.

By affidavit of Curtis Frye (ECF No. 16), the trustee presented evidence in this case that the defendant loaned or invested an unknown amount with either none or an unknown number of promissory notes issued. In 46 distributions occurring from December 2005 to February 2009, the defendant received $354,541.70. By declaration (ECF No. 13), Tirtho Ark, on behalf of the defendant, presented evidence that it was formed under the laws of Canada, does not operate a business in the United States, and to the extent the defendant received any promissory notes, those promissory notes listed a Canadian entity as borrower. The declaration further states that the loan or investments were solicited in Canada, but no details were provided regarding the manner of solicitation.

The grounds for dismissal in the subject motion are: (1) ineffective service of process; (2) improper extraterritorial application of United States bankruptcy law; and (3) failure to state the alleged fraud with particularity as required by Fed. R. Civ. P. (9)(b). The reasoning regarding the denial of dismissal based on those grounds is set forth in the Previous Decision and applicable to the subject motion.

As in the Previous Decision, one basis for the request to dismiss is the lack of personal jurisdiction. Unlike the situation in the Previous Decision, this defendant did not file a proof of claim in the underlying bankruptcy case of LLS America. This defendant did, however, seek affirmative relief in this adversary. As concluded in the Previous Decision, by filing a motion to withdraw reference of this adversary to the District Court for Eastern District of Washington, the defendant requested a determination whether this court or the District Court had authority to enter final orders in this adversary. That motion sought a ruling on a substantive legal issue. By requesting a ruling on the merits of a legal issue in this case, the defendant has consented to the exercise of jurisdiction by the federal courts of the Eastern District of Washington.

MEMORANDUM DECISION RE: . . . - Page 2

The defendant filing the subject motion had sufficient minimum contacts to establish personal jurisdiction. Many of those facts in the Previous Decision are applicable to the defendant in this case. The defendant made loans to or invested in debtor, and the entities composing the consolidated debtor were managed and operated in Spokane, Washington. This adversary complaint alleges that the defendant knew or should have known it was participating in a Ponzi scheme. Unlike the defendants in the Previous Decision, this defendant did not receive commissions, i.e., compensation for soliciting or locating other investors or lenders. However, the economic activity in which the defendant engaged in was sufficient to establish minimum contacts for personal jurisdiction. For these reasons, the motion to dismiss is **DENIED**. Counsel for the defendant shall submit an order consistent with this decision.

///END OF MEMORANDUM DECISION///